Okay, our final case this morning is number 172388, Spineology, Inc. v. Wright Medical Technology, Inc., Mr. Skor. Is that how you pronounce it? Good morning. May it please the Court. I'd like to begin the discussion with the first claim term, manually actuated activation mechanism. The Court found that was a 112.6 means plus function format and found it indefinite in Claims 15 and 35, but construed it to be a wheel 96 in Claim 33. If we conclude that the Board properly construed body in Claims 33 and 34 and therefore found non-infringement based on that, would that non-infringement finding and that construction of body apply to all the other claims? Yes. I mean, would body, is body used the same way? Okay, so that issue is an all or nothing issue in terms of your ability to pursue an infringement claim. Correct, yes. And under that construction of body, there's no infringement of the other claims either. That's right. So if the body includes a barrel, our blade is not open that far and there would be no infringement. That's correct. So getting back to the actuation mechanism, the first question is whether it really is a 112.6 or not, and it's my knowledge position that it is not. That there is sufficient, it's sufficiently defined in the structure if you look at the specification. The specification even calls the knob, the blade advance or not. So if you're parsing manually actuated activation mechanism, which we've construed to be hand operated. You argued that the Board didn't apply any kind of presumption, but we've made it clear the presumption isn't an extreme one. I mean, it's rebuttable, right? Correct, it's rebuttable. So you're not contending that you have to have expert testimony to rebut that presumption, are you? Especially in this case, I don't think you do, no. Okay. Even though there was nothing articulated by the judge as to how it was rebutted, I guess the judge appeared to focus on the term mechanism and say, well, that's been found to be a nonce word and therefore, I'm fine. But she did more than just say it's a nonce word. I mean, the court looked at the intrinsic evidence, right? She looked at it in the context of the specification. She did, but I think she looked, the court seemed to actually have a fairly decent analysis up until the court was starting to look at the dependent claims and the unasserted dependent claims. And that is where I think that the court went awry in the analysis because the court became confused over what structure should be imported in and decided that they couldn't find that structure. So in this specification, it seems as though the knob is an activation mechanism, but there's also a reference to a turnwheel being an activation mechanism. Is that for the other embodiment? Yeah. For some reason, they gave a different name to the wheel in each embodiment. So the first embodiment, I believe it's the knob and the second embodiment is the turnwheel. But it performs the same functions. It's manually operated, turning, starts the blades going. So under the media rights case where it says that the undertaking, you should look at this back in light of the claim language and see if there's sufficient structure there. And then when the court starts its analysis, it certainly seems like the court found sufficient structure. And it wasn't until the court went to the unasserted claims that she kind of got off the rail and couldn't decide what structure there. But this is a simple mechanical device. Everything is disclosed in the patent. And it seems to me that, you know. Well, and the dependent claims have to be narrower than the independent claims. Correct. But no one in this case has claimed that they were not. That wasn't the reason. But the problem is the dependent claims seem to describe different things as the activation mechanism, right? Some of the unasserted claims are problematic. There's no doubt about it. I mean, don't the dependent claims essentially do what she found Claim 33 did, which is it may be functional, but they actually specify the structure. So it satisfies 112 percent, whichever one we're talking about. Yeah. So Claim 33 is the method claim where the judge construed the claim. And the only difference between that claim and Claim 15 is that Claim 15 is basically a laundry list of elements. And Claim 33 puts them all together in a functional package. And for some reason, the court thought that because it put together them in a functional package, it was somehow construable. But when you just have a list of claim elements, it was not construable. And the law doesn't support that. The law does not say that you have to show the functional interaction between all the elements. You can claim them in a list, a laundry list of items. And that's why I don't think that it's proper to find any kind of indefiniteness with respect to that claim element. Because maybe the result is that she was wrong in validating the claims that she did, but instead she should have invalidated some of these dependent claims? Is that what you're saying? No, because we didn't assert them. No, no. Yeah, well, I see what you're saying. I think there are some 112 issues with some of those, especially with 18 and 20, I think, where 20 says where the activation mechanism is something. It was already defined in the one from Independence. That's not right. So you would say that's indefinite? I would say that's a problem. That's a 112 problem. It could be indefinite. It's not the way it's supposed to be done. But I don't think, again, there's a case that says that the dependent claim tail can't wag the independent claim dog, and that's what's happening here. You can't have this problem of the dependent claims flow up and taint the independent claims. That's just not the way it works. And so, sure, there may be some problems with those claims, but they weren't asserted by us. And each claim characterizes a separate invention. And so, as an upshot of this, obviously, you've got invalid claims, and I don't think it's appropriate. And even the analysis under 112.6, I think, was wrong, because we agreed about the function, and the function being is to expand the blades. But again, the structure that does that, we're looking at the manually actuated activation mechanism. There's only one thing you touch with your hands, manually touch with your hands to expand the blades, and that's the knob or the wheel. And she got it right in 33, and the court got it wrong in the other one. I'll move on to body now. Unless you have any more questions about that one. So, in the case of the body, if we read the specification broadly, and read it thoroughly, the size of the barrel, it's never discussed. It's not an issue anywhere. And yet, we end up with a situation where now the barrel is, we have to determine the size of the barrel because the blades need to expand. Yeah, but does dependent claims make clear, don't they, that body includes the barrel? I don't see any. The only place barrel is ever claimed is in claim 13. Again, I'm not necessarily claiming. There is no No, they talk about other features being part of the body, which are not limited to the shaft. Yeah, if you're going to import some of those things in from a preferred embodiment, as in claims 16 and 17, where it says that the body includes a viewport, there is a viewport in the barrel. There's also a viewport in the shaft. And in claim 17, let's see, what do they say in that one? I guess that's not the one. But there's a viewport, there's an indicator and it says that the knob is constrained. And the proximal end of the body, I think, is where it says that. It talks about the blade control knob constrained within the proximal end of the body and joint pointing. Yeah, so if you look at, say, figure let's see Yeah, so if you look at figure 13, you can see the threads that are not in the body. They're on the end of the blade carrier and the knob is constrained by those threads. So, you know the body is not specifically claimed. Only attributes that you could argue are on the body that you can also argue that are on the shaft. And again, that's an unasserted claim. Yeah, but we can still use unasserted claims to construe body, right? Well, the only reason that I know of is you look at unasserted claims or dependent claims to find out whether there's a scope problem with the dependent claim. We can't use the dependent claims that clarify what body means to construe body? Well, there was a case the case was power integrations where the district court refused to use unasserted claims to construe the claim terms in this course affirmed that decision. And I think that that's right. If you have claim terms that are in unasserted claims, again, that's a different invention. And unless you're looking for claim differentiation issues there's no reason to look at them. Well, but even if you ignore the other claims, the trial court pointed to several parts of the specification where she recognized that the only embodiments shown in the specification have viewports on the barrel, right? Well, she did that. That's an error, of course, because if you look at figure one, there's a viewport right down the middle of that shaft. And you can tell it's a viewport, but if you look at figures two, you can see the striations in the viewport in figure one and they're not there in figure two because the blade guides have been taken out. Did you make that argument in your opening brief that there are viewpoints viewports on the shaft? I think it was just in the rebuttal brief. I made it to the court. You want to reserve your time here? Yes, Your Honor. Thank you. Okay, Mr. Fitzpatrick. Before you get too into the merits, I want to understand your point that you say that the validity issues don't need to be addressed if we affirm on infringement. Is that because you would be willing to dismiss your counterclaim of invalidity? May it please the Court, Your Honor. The claim construction of body and the consequent non-infringement determination is applicable and determinative with respect to all of the infringement, but not as to invalidity. What we would submit is that were the court to affirm the claim construction on body that addresses the entire set of asserted claims. I guess my question is if you win on infringement, are you saying you'd be willing to dismiss your counterclaim of invalidity? I believe we would, yes. Should we vacate the finding of indefiniteness? I don't believe that it's even necessary really to reach it. Well, it would stand. If we just affirmed on the ground that you're right about body and there's no infringement and didn't say anything about the invalidity issues, the invalidity finding would stand. Wouldn't we have to vacate it? I think, again, we would be content were it to be vacated or simply declared moot, whatever the appropriate procedural Well, it may be moot, but we have to vacate it if we don't want it to stand. Your friend on the other side is not going to be happy with just affirmance on claim construction because they still have an invalid patent. Understood. I think I'm asking you the same question for the third or fourth time, but if we agree with you on the claim construction and that it applies across the boards, you would agree to vacating the invalidity finding and just affirming on the non-infringement? Yes, I believe we would, Your Honor. Yes, I think that would be fine. I would like to address a couple of the points that counsel made regarding this issue of the body and, in particular, the arguments regarding the viewport, this notion that certain components that are required by the dependent claims are, in fact, can be found on the shaft as distinct from the barrel. And the problem with that is that that is really contrary to what the specification teaches. Counsel referred to, I think, Figure 1 or Figure 2 as depicting what is purportedly a viewport on the shaft, but the issue is that's not what the specification says. The specification does not say that there's a viewport on the shaft. The specification in Column 3, this is at Appendix 67, refers to a guide member, 182, having a threaded shaft, 190, and a pin, 212. And those components are, the specification teaches, inserted into the barrel. And this pin, 212, then becomes visible through an indicator door, 214. And so there's no depiction, no description in the specification of a viewport in the first embodiment that is on the shaft. Similarly, counsel referred for the very first time during argument this morning to Figure 13 and talked about the element that I believe is depicted as number 128 in that figure, but that is inserted into, again, it's in the barrel. That is a separate component. It's not the shaft. It's a separate component, and it goes into the barrel. And this is really where the dependent claims are so instructive and really fatal to the plaintiff's and the appellant's position. We have three dependent claims that require that the body includes a viewport, three further dependent claims that require that the body includes indicators, and then three more dependent claims that say that the body constrains a blade control knob within its proximal ends. We have nine dependent claims out of reissue prosecution that require these extra, these additional elements as part of, that the body must be capable of having or capable of accommodating. All of those are located on the barrel. And that's consistent with what the specification teaches. The specification describes the narrow shaft and the enlarged barrel as a combined structure having all of the features required for body. And more specifically, in the first and second embodiments, these components, the viewport, indicator, and blade control knob or wheel, are all described expressly as being located on the barrel. Counsel referred, counsel tried to get away from the unasserted dependent claims and say, well, it's really inappropriate to look at them, and he pointed to the power integrations case. The power integrations case is really a different case. In that case, there was an independent claim with a specific term or phrase, and then dependent claims with a similar but not identical claim term. In this case, we have the same claim term used in both the independent and the dependent claims. And so the power integrations case, we would contend, is simply inapplicable. So their construction is irreconcilable, we contend, with the intrinsic evidence. It really cannot be reconciled with the dependent claims. They also argue that the district court's construction is incorrect because the barrel cannot engage bone. But the claims don't require that the barrel engage the bone. They don't require that the device engage with bone along its entire length. And in fact, in the district court they argued for a claim construction of the sized and configured to engage bone term to be shaped to be used in bone and related tissue, and the district court said that's not correct and adopted a broader construction. So in sum, we would submit, Your Honors, that Spynology's positions with respect to body simply cannot be reconciled with the intrinsic record, or for that matter, the extrinsic record. It's not necessary to look here at the extrinsic evidence, but we've detailed that in our brief. And we believe that the district court's construction is entirely consistent with the intrinsic record and should be affirmed. If I may, I'll turn to the Section 112 Paragraph 6 issue and the activation mechanism term. We contend that the appellant really cannot seriously contend that the activation mechanism is not a means plus function term. This court, as noted in the media rights versus Capital One case, has never determined that the word mechanism in and of itself connotes sufficient structure to avoid the application of Section 112 Paragraph 6. But there is still supposed to be a presumption, right? It's not an irrebuttable presumption, it's not even a super strong presumption, but there is not even a reference to the presumption by the district court. Correct, Your Honor, but the reality here is mechanism is an acknowledged nonce term. Activation really doesn't add anything to it. Yeah, but we've never said the mere use of a nonce term always means it's means plus function. True, but the specific word mechanism in and of itself has never been determined by this court to connote sufficient structure. Unless the specification connotes the structure. And so that's where we run into the problem. When we look at the function, so looking at the function in Claims 15 and 35, the function is to expand the blades from a fully retracted position to a fully expanded position. That is essentially every component in the device. I'm not sure that's fair. It seems to me as though the specification is describing the knob and the turnwheel as doing that, right? I would submit not, Your Honor, because I think that the knob or the turnwheel initiate the movement. But, and the district court noted this, the specification teaches, and this is clear from portions of the specification quoted in my friend's brief. It teaches that the knob or the wheel initiate the movement, but the movement then is carried forward by the shaft, by the blade carrier, and eventually leads to the expansion. But that's not what the court said when the court found it to be sufficiently definite for purposes of the other claims. Because Claim 33 has a different function. Claim 33, Your Honor, has a more specific function recited. Claim 33 specifically requires a function of linearly moving a blade carrier so as to drive a blade set pivotally attached to the blade carrier from a first retracted position to a more expanded position. So in that case, the district court was able to look and say, well, the component, the structure that linearly moves the blade carrier is identifiable. Well, even if you have things down the line that ultimately move, the only part that's manually activated is the knob, right? Correct. The only part that is touched by hand, operated by hand, is the wheel or the knob. However, again, the function is broader. And I would submit, even if one is determining that whether or not this is a 112 paragraph 6 claim term, the reality, or whether it's sufficiently definite, you have to look at the function and the function is broader than simply initiating the movement. The function is the entire process, the entire movement. Secondly, we run into this significant problem with these dependent claims. The dependent claims that say the activation mechanism is a cannulated shaft. I mean, it's possible, isn't it, that if we were to construe the independent claims as saying the activation mechanism is the knob or the wheel, that the dependent claims would then be invalid because they would not include the feature which is in the independent claim. So maybe the result here would be that the dependent claims are invalid rather than the independent claim. It's possible, but I would submit, Your Honor, it's a rather remarkable position, I think, that the appellant has taken here, where they've essentially kind of thrown their dependent claims under the bus and said, well, they're of questionable validity. I mean, these are dependent claims that they wrote and put into their patent and I would submit they have to mean something and have to show that there is just real confusion and lack of clarity about what this activation mechanism term means. Is it a knob? Is it a cannulated shaft? Is it a pair of shafts? Who can tell? And it really is a situation of real confusion. So we would contend, Your Honors, that the district court did properly conclude that the term is a means plus function term and that it is indefinite, and hence that claims 15 and 35 as well as claims 21 through 23, which depend from 15, are invalid for indefiniteness. Finally, I would like to turn briefly, if I may, to the appellant's request in its briefing for entry of judgment in its favor as to direct infringement of claims 33 and 34. First of all, under the proper construction of body, appellant concedes that there cannot be any infringement. But secondly, there's no evidence of direct infringement. First of all, their own expert, their technical expert, Mr. Allen, agreed that claim 33 requires that there has to be full expansion of the blades. Their medical expert, Dr. Morgan, said there are many surgical conditions where it would be inappropriate to fully expand the blades. And then their position on direct infringement really depends on the testimony, very brief deposition testimony of a third-party surgeon, Dr. Brandon Goff. But Dr. Goff's testimony is at best unclear, certainly not sufficient for any finding of direct infringement. He testified that when he was shown a device marked as an exhibit at the deposition, he couldn't recognize whether or not it was the accused device. He couldn't remember how he had learned to use this device and he was never asked in his deposition whether or not he had ever fully expanded the blades on the accused device during the course of one of the two. He had only ever performed two surgical procedures using this particular device and he couldn't remember whether or not, I should say, he was never asked whether or not he had fully expanded the blades. And that's in the record at Appendix 410, 416, and 417. And so we submit, Your Honors, that there is absolutely a lack of evidence of direct infringement, no basis to grant appellants' request for entry of judgment of direct infringement. And we submit that their positions with respect to the claim construction issues are at odds with the intrinsic record, the claims, and the specification. And accordingly, we ask that the district court's decision and judgment be affirmed in all respects. Okay. Thank you, Mr. Principal. Thank you. Mr. Skar, you've got three minutes here if you need it. Thank you. I just wanted to go back to the figure 13 and figure 12 again. My esteemed colleague here said that this element number 28 is part of the body, but it's not part of the barrel. I mean, it is not. If you look up at figure 12, you can see that the threads go on the end of the blade guide and the knob screws onto the blade guide. So it is retained by the blade guide and not by the barrel. The other issue that I didn't get to discuss in my opening argument is the court's construction of sizing configured to engage bone, which is not on appeal. The court said shape to be used to engage bone and related tissue. So then the question is, how does the barrel, if the barrel is going to be part of  engaged bone and related tissue? And there isn't a single sentence in the specification that mentions the barrel somehow engaging bone and related tissue. And I think that's probably one of the overriding reasons that shows that the claim construction is incorrect. There's no possible way in the independent claim that if it's shaped to be used to engage bone that the barrel can be part of the body. Well, doesn't it really just say the distal end is shaped and configured to engage bone? I think you're grammatically wrong on how you read that. You're talking about the claim language? Yeah. Well, if we look at Claim 15 it says an elongated hollow body having a proximal end and a distal end comma size and configured to engage bone and related tissue. There's a comma there. It's not, as a patent drafter, the way you would draft that if you wanted it just to be the distal end, you would say an elongated hollow body having a proximal end and a distal end, a distal end size, or the distal end size and configured to engage bone. Well, by me, even under your own construction, the entirety of the shaft is not sized and configured to engage bone, right? Just the end of it. Well, the shaft has the same diameter all the way up to the barrel. So if you had to stick it in all the way, you could. But certainly, in a large barrel, there's absolutely no anything in the specification that says that size and configured to engage bone. And again, I do not think there's a proper reading of the claim for only the distal end size and configured to engage bone. Well, Claim 35 uses the same language and doesn't have the comma. Right? Right. And Claim 33, I agree with you, Claim 35 does not have the comma. But again, it also does not single out the distal end. You'd have to attempt to read it that way. I don't see that. And Claim 33 has such that the, let's see, where does it say the bone thing? I can't find it in there. I'm not even sure it says there in Claim 33. Were these arguments about the viewport, for example, being on the shaft as alternatively being on the barrel? Was that an argument that was made to the district court? Yes. It was briefed by both sides. That particular argument? That particular argument. And the fact that the knob is constrained in the end of the shaft and not necessarily always in the barrel. And that there's an indicator on the shaft. A needle sticking out of one of the pictures that could be the depth indicator. Those were all made. Alright. I think we're out of time. Thank you, Mr. Scarr. I thank both counsel. That concludes our session for this morning.